
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:08CR487–HEH |
| | ) |
| ANTWAIN WATKINS, | ) |
| | ) |
| Petitioner. | ) |

### MEMORANDUM OPINION
(Denying Rule 59(e) Motion)

Antwain Watkins, a federal inmate proceeding *pro se*, filed a motion under 28 U.S.C. § 2255 ("§ 2255 Motion") to vacate, set aside, or correct his sentence. In his § 2255 Motion, Watkins demanded relief upon the following grounds:[1]

| | |
|---|---|
| Claim 1 | Watkins failed to receive the effective assistance of counsel.<br>(a) Counsel failed to move to have the drugs retested until shortly before the original trial date. (Mem. Supp. § 2255 Mot. 1–2.)<br>(b) Counsel failed to take notes or have transcribed the pretrial testimony of the Government "lab tech." (*Id.* at 3.)<br>(c) Counsel failed to have crack cocaine adequately defined to the jury. (*Id.* at 3–4.) |
| Claim 2 | Counsel "failed to require the Government to make a finding as to whether the quantity of crack was below or above the five-gram threshold." (*Id.* at 7.) |
| Claim 3 | "Judicial abuse of discretion. [(a)] [The] Court failed to ask for lesser included or special verdict form. [(b)] Waived my right to be present [and] didn't allow full retest." (§ 2255 Mot. 5.) |
| Claim 4 | The "Government never proved its burden. Never proved drug amount or type." (*Id.* at 6.) |

---

[1] The Court has corrected the capitalization in the quotations to Watkins's submissions.

By Memorandum Opinion and Order entered on October 1, 2013, the Court denied Watkins 28 U.S.C. § 2255 Motion. On October 25, 2013, Watkins filed a Motion for Reconsideration of that decision under Federal Rule of Civil Procedure 59(e) ("Rule 59(e)," ECF No. 54).[2]

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Here, Watkins contends that the Court misapprehended his claims. Watkins is incorrect. The Court addressed his claims as pled. Moreover, Rule 59(e) fails to provide a vehicle for raising new arguments, such as Watkins's assertion that counsel was ineffective for waiving Watkins's presence at a pretrial hearing. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (noting that a "'Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at

---

[2] The Court deems the Rule 59(e) Motion filed on the date that Watkins handed the Rule 59(e) Motion to prison officials for mailing to this Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); (Rule 59(e) Mot. 6).

127–28 (2d ed. 1995))). Accordingly, Watkins's Rule 59(e) Motion (ECF No. 54) will be denied. The Court will deny a certificate of appealability.

An appropriate Final Order will follow.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Jan. 9, 2014
Richmond, Virginia